**In the Matter of 938 HEMPSTEAD TURNPIKE CORPORATION, Bankrupt.**

**No. 61–B–223.**

United States District Court
E. D. New York.

Jan. 16, 1962.

William J. Rudin, Mineola, N. Y., Referee in Bankruptcy.

Kronlish, Dresner & Henle, New York City, for petitioner Mann-Forbes & Co., Inc.; Byron Dresner, New York City, of counsel.

Donald A. Capobianco, Mineola, N. Y., for claimant.

Alfred A. Rosenberg, Brooklyn, N. Y., for trustee; Louis P. Rosenberg, Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

Petition by Mann-Forbes & Co., Inc. (hereafter "Mann-Forbes"), a judgment-creditor of the bankrupt, for review of an order by Honorable William J. Rudin, Referee in Bankruptcy, dated November 20, 1961, as amended on December 1, 1961, determining the priority of distribution of funds realized from the sale of the real property of the bankrupt. The property in question has been subjected to unpaid liens, in the following chronological order:

    1. Mann-Forbes' judgment in the amount of $2,546.48;

2. A mortgage to Donald Capobianco subsequently recorded for services with regard to the property, in the amount of $10,000; and

3. Mechanics' liens filed subsequent to the above two liens, pursuant to New York Lien Law.

After the payment of other prior liens, the funds in the hands of the Trustee are admittedly insufficient to satisfy all of the foregoing liens.

Section 13(1) of the New York Lien Law, McKinney's Consol. Laws, c. 33 provides, in part, as follows:

"A lien for materials furnished or labor performed in the improvement of real property shall have priority over * * * a money judgment hereafter recovered upon a claim, which, in whole or in part, was not for materials furnished, labor performed or moneys advanced for the improvement of such real property; and over any claim or lien acquired in any proceedings upon such judgment. * * *"

The Mann-Forbes judgment was one for money only and did not arise out of work or services with respect to the property, whereas the Capobianco mortgage was given for services performed for the improvement of said property. The Capobianco mortgage being prior in time to the mechanics' liens is superior to them, while the Mann-Forbes judgment, although prior in time to both the mechanics' liens and the Capobianco mortgage, is inferior to the mechanics' liens but superior to the Capobianco mortgage.

The question raised by these facts is, how can the superiority of the Mann-Forbes judgment over the Capobianco mortgage be maintained, while at the same time preserving both the priority of the mechanics' liens over the Mann-Forbes judgment and the priority of the Capobianco mortgage over the mechanics' liens?

Faced with circuity of liens, the Referee, relying on In re American Zyloptic, D.C.E.D.N.Y.1960, 181 F.Supp. 77, made the following determination:

1. The judgment being prior to the mortgage, the amount to be paid to the mortgagee should be reduced by the amount of the judgment and as thus reduced the mortgage should be satisfied;

2. Since the mechanics' liens take precedence over the judgment, the $2546.48 thus deducted from the mortgage should be first applied to the payment of the mechanics' liens;

3. The balance remaining shall be applied to the satisfaction in full of the mechanics' liens and the surplus, if any, to the judgment-creditor; and

4. Any remaining surplus shall be paid to the mortgagee.

The judgment-creditor complains that this is inequitable treatment in that the mortgagee who has a claim inferior to his judgment receives payment while he does not.[1]

A variety of formulæ have been suggested to resolve a similar dilemma of mixed priorities arising under Section 67, sub. c of the Bankruptcy Act, 11 U.S. C.A. § 107, sub. c which raises questions analogous to the present problem; however, none of these solutions are satisfactory to all claimants. See In re American Zyloptic, supra, and cases cited therein, and 4 Collier on Bankruptcy 297, et seq.

Since it is a fundamental statutory fact that the Mann-Forbes judgment is inferior to the mechanics' liens but the Capobianco mortgage is not, the conclusion is inescapable that Mann-Forbes cannot be paid until the mechanics' liens have been satisfied in full, although the

---

[1] Gilbert paraphrases this reaction in the following lyrics:

"See how the Fates their gifts allot,
For A is happy—B is not.
Yet B is worthy, I dare say,
Of more prosperity than A!

*    *    *    *    *
"If I were Fortune—which I'm not—
B should enjoy A's happy lot,
And A should die in miserie—
That is, assuming I am B."
W. S. Gilbert, The Mikado, Act II.

mortgage must be paid before such event. The mechanics' liens not having been satisfied in full, the judgment-creditor is in no position to complain.

The application of the American Zyloptic rule, as far as this judgment-creditor is concerned, is correct. In this case the Court is not called upon to and does not apply the Zyloptic yardstick to the further distribution of the funds to the mortgagee. The Referee's order is confirmed.

Settle order within ten (10) days on two (2) days' notice.